[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: THE PLAINTIFF'S MOTION FOR CONTEMPTTHE DEFENDANT'S OBJECTION TO SAME AND THE DEFENDANT'S MOTION TOREOPEN JUDGMENT
I.
The parties' marriage was dissolved by judgment entered December 6, 1977. The plaintiff was represented by counsel, and the defendant appeared pro se throughout the pendency of the action. Shortly before the final hearing, at the plaintiff's request, the defendant met the plaintiff's attorney at her office CT Page 1333 at which time a separation agreement dated September 16, 1977 was reviewed with the defendant who then signed the same. This executed agreement was presented to the court at the final hearing. The judgment file recites the following:
 "And that the Husband pay to the Wife $25.00 per week as per the separation agreement as alimony, and $100.00 per week as per the Separation Agreement for the support of each of said minor children, Jade Amundsen;
 And the Separation Agreement signed by the parties and dated September 16, 1977 shall be incorporated but shall not be merged in the judgment of dissolution;
 And finding is made that the defendant is in arrears $2,045.00;
 And the Husband is ordered to pay attorney's fees in the amount of $700.00." (Emphasis added)
II.
There is no finding made in the judgment that the agreement is found to be fair and equitable. Although the judgment states that the agreement "be incorporated", the judgment immediately states it "shall not be merged in the judgment". The judgment then recites certain orders. This court concludes that the court, following § 46b-6b, C.G.S., elected to "make such orders as to finances and custody as the circumstances require."
This court concludes that the separation agreement has not been approved, has not been incorporated by reference and, except for the orders explicitly entered, is not enforceable by contempt as a court order since it was not merged in the judgment.
III.
The plaintiff is found to have been diligent in attempting to enforce the periodic orders.
Enforcement of the periodic orders commenced the following year when the plaintiff applied for a contempt order. A summons was issued on July 7, 1978, served in hand on the defendant on July 11, 1978, and scheduled for hearing on July 21, 1978. The order alleged is $25.00 weekly alimony and $100.00 weekly support CT Page 1334 with an arrears of $4,005.00 as of June 30, 1978. A capias was ordered on July 24, 1978.
On December 4, 1978 the plaintiff applied for a contempt citation alleging the same periodic orders and an arrears of $300.00 as of December 15, 1978. No return of service is on file.
The next application filed by the plaintiff is dated September 21, 1982, alleges the periodic orders and an arrears of $31,630.00 as of September 10, 1982. No order is entered thereon although the defendant was again served in hand.
On January 21, 1983 the plaintiff again applied for both a contempt order and a wage execution, alleging the orders to be $65.00 week current and $10.00 arrears with an arrears alleged to be $32,380.00. For the first time the application makes no mention of the alimony order. On May 9, 1983 the arrears was found to be $33,615.00. The defendant was ordered to pay $500.00 on May 9, 1983, pay an additional $500.00 on or before June 13, 1983 and pay the current support of $65.00 plus $35.00 toward the arrears.
A docket entry dated October 18, 1982 records that after a hearing, the defendant is ordered to pay $65.00 current support and $10.00 toward satisfaction of an arrearage of $32,255.00.
On January 10, 1984 the plaintiff applied for a contempt order which was served in hand on the defendant on May 23, 1984, alleging $65.00 week — $35.00 week on arrears and arrears of $32,870.00 as of January 6, 1984. On June 25, 1984 an arrears of $33,605.00 was found as of June 22, 1984, and the docket entry notes the defendant appeared. The defendant was ordered to make all payments to Support Enforcement Services Unit. The matter was continued to September 24, 1984 when the arrears was found to be $33,320.00.
The court continued to monitor the file through November 14, 1986 when it was marked off.
On January 18, 1988 the plaintiff filed a new application for contempt order and for garnishment alleging $65.00 plus $35.00, an arrears of $30,786.00 and no mention of the alimony order is made.
On August 5, 1988 the defendant appeared before the Family CT Page 1335 Support Magistrate who ordered suspension of the current order, payments of $100.00 to be applied to an arrears of $29,521.00, noted $1,000.00 paid today and $1,500.00 due in September, 1988. On September 2, the defendant paid $1,500.00 and the arrears was found to be $27,921.00.
No further activity occurs until June 7, 1994 when a Support Enforcement officer applied for a contempt order and wage with holding order alleging the order to be $100.00 week and the arrears to be $19,271.00. On October 14, 1994 the Family Support Magistrate found the arrears to be $19,271.00 as of October 12, 1994.
The docket sheet noted the defendant appeared.
The foregoing history of the case leads the court to find that:
(a) The defendant was well acquainted with the workings of the court and the Support Enforcement Services Unit.
(b) His illiteracy is a red herring intended to distract from the obvious conclusion that the defendant had the agreement explained to him. He assumed the risk of not revealing his inability to read and he must bear the consequences.
(c) Although he acted pro se prior to judgment he was represented by a law firm from July 17, 1978 until they were granted permission to withdraw on December 8, 1978.
(d) The attorney who represented the plaintiff in 1977 credited the defendant with payment of $200.00 toward the $700.00 attorney's fees awarded, and after several unsuccessful attempts to collect the balance, allowed her appearance to be stricken. Neither the plaintiff nor the defendant ever paid the lawyer. The plaintiff's current attorney filed his appearance on June 5, 1995. The court finds this item to be abandoned since neither party paid the attorney and the attorney abandoned collection efforts over 15 years ago.
IV.
In determining the arrears the court is bound by the child support arrears last found of $19,271.00 by the Family Support Magistrate. The continued collections of the child support CT Page 1336 arrears is sent back to Support Enforcement for monitoring and collection.
V.
The alimony arrears, admittedly unpaid for several years, must start with the plaintiff's own statements found in her application of December 4, 1978. The court therefore finds the alimony order unpaid from December 16, 1978, the prior $300.00 arrears being absorbed by later arrears findings. At $1,300.00 per year for 17 years the alimony arrears, as of January 1, 1996, is found to be $22,100.00. No order for collection of arrears is entered at this time. The defendant is ordered to resume regular payments on the child support arrears and to begin to pay the periodic alimony on a current basis. Since the defendant has been a carpenter for the past 21 years, the court finds no substantial change in his circumstances.
VI.
No contempt is found.
The court finds no basis for the defendant's motion to reopen and it is denied.
Harrigan, J.